**James Denver DALE, Jr., Petitioner,**

v.

**Ray H. PAGE, Warden, State of
Oklahoma et al., Respondents.**

**No. A–13914.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

See also Okl.Cr.App., 415 P.2d 180.

Robert Duncan, Perry, for plaintiff.

Atty. Gen. G. T. Blankenship, and Dist. Atty., Noble County, Perry, for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

On the 29th day of August, 1967, the State of Oklahoma, by and through its Attorney General, filed a petition for this Court to reconsider its holding in James Denver Dale, Jr. vs. Ray Page, Warden, Case No. 13914. Said Petition for Reconsideration alleged that on the 17th day of March, 1967, the Honorable Judge Edwin Langley, after having concluded an evidentiary hearing, determined that James Denver Dale, Jr. had been denied his rights relating to appeal for the reason that neither the trial court, nor his attorney, advised him of his rights relating to an appeal,

and directing that the State of Oklahoma grant James Denver Dale, Jr. a Post Conviction Appeal, or in the alternative, directing his discharge from the State Penitentiary where he is currently confined by virtue of a judgment and sentence rendered against him in the District Court of Noble County. None of the evidence presented to Judge Langley was attached as an exhibit to the petition of the State, and in order that this Court could intelligently pass on the new issues presented, this Court directed that an evidentiary hearing be conducted by the Honorable Lester R. Maris, District Judge in and for Noble County, which hearing was conducted on September 12, 1967. On the 13th day of September, 1967, a transcript of the evidentiary hearing and findings of fact were filed with this Court.

In the affidavit and in his testimony before the Honorable Judge Maris, the court-appointed attorney, Mr. Reed, stated that he had represented the defendant during the trial and at the time of rendition of judgment and sentence, and that he filed a Motion for New Trial in order that defendant's right to appeal could be protected.

The Findings of Fact on Evidentiary Hearing, filed with this Court by Judge Maris on the 13th day of September, 1967, succinctly set forth the findings in the evidentiary hearing, and are as follows:

"Now, on this 12th day of September, 1967, the same being a regular judicial day of the July, 1967, term of the District Court of Noble County, Oklahoma, the Court being in regular session, this cause comes on for an evidentiary hearing before the Court, pursuant to previous assignment.

The petitioner, James Denver Dale, Jr. appeared in person and with his Court-appointed attorney, Honorable Robert Duncan, and the respondents appeared by Honorable Charles L. Owens, an Assistant Attorney General of the State of Oklahoma, by Honorable

Ralph C. Haynes, District Attorney of Noble County, Oklahoma, and by Honorable Judson H. Pierce, Assistant District Attorney of Noble County, Oklahoma. Each party announced ready for hearing and made brief opening statements.

The Court asked the petitioner to proceed with his evidence and petitioner announced that he had no evidence. The respondents thereupon called the petitioner as a witness, and, other than stating his name, he refused to answer any questions on the ground that he would incriminate himself and desired 'to take the Fifth Amendment.' Petitioner did, however, in response to the Court's inquiry, state that he did not now desire to take an appeal to the Court of Criminal Appeals of the State of Oklahoma. The respondents then called Mr. Kenneth Reed, attorney at law of Perry, Oklahoma, who represented petitioner in the trial of Case No. 1075, in the District Court of Noble County, Oklahoma.

At the conclusion of the evidence in this hearing, the Court finds as follows:

1. Petitioner, James Denver Dale, Jr., is one and the same person who was defendant in Case No. 1075, District Court of Noble County, Oklahoma, and who, in said case, on October 6, 1965, was found guilty by the jury, and on October 8, 1965, was sentenced to seven years in the penitentiary.

2. Petitioner's Court-appointed attorney filed a Motion for a New Trial and argued the same to the Court; that the Court overruled the Motion for a New Trial, whereupon, the attorney gave notice of appeal to the Court of Criminal Appeals of the State of Oklahoma.

3. Petitioner was advised by his attorney that he had protected his record and rights to perfect an appeal if petitioner desired. That attorney heard nothing further from his client and no appeal was taken.

4. Some three or four months thereafter petitioner wrote to his attorney requesting his attorney to perfect an appeal. However, since his time for appeal had passed, no appeal was taken.

5. Petitioner was not advised, either by his attorney or by the trial court, that if he was financially unable to purchase a casemade or to employ an attorney that the same would be paid for by Noble County, Oklahoma.

6. Petitioner was not advised how to go about getting a casemade or what to do with it, or how to obtain an attorney to represent him in taking an appeal.

7. Petitioner does not now desire an appeal from the judgment and sentence of the District Court of Noble County, Oklahoma, for the reason he feels the Honorable Edwin Langley, United States District Judge, will order his release from the penitentiary if no appeal is granted by the Court of Criminal Appeals of Oklahoma.

DATED this 13th day of September, 1967.

/s/ Lester R. Maris

District Judge, Noble County, Oklahoma."

A copy of the transcript of the evidentiary hearing together with the Findings of Fact were made available to the Attorney General of the State of Oklahoma, who thereafter filed an application for Judge Langley to reconsider the order originally entered in the United States District Court for the reason that petitioner no longer desired to appeal. A hearing was held on the application of the Attorney General, at the conclusion of which Judge Langley entered the following order:

"This cause is before the court on the application of the Attorney General of the State of Oklahoma for reconsideration of the petitioner's application for a writ of habeas corpus and on the re-

sponse of the petitioner thereto. From the application it appears that the State of Oklahoma has been advised by the petitioner that he does not desire an appeal and from the response that the petitioner does want an appeal. Since the objection of the order of this court previously entered on March 17, 1967, was to secure for the petitioner an appeal from his conviction and sentence if he wanted it, and since conflicting statements appear to have been made by the petitioner with respect to whether he wants an appeal, the court finds that the matter can best be resolved by requiring the petitioner to apply to the Oklahoma Court of Criminal Appeals if he desires an appeal.

IT IS THEREFORE ORDERED that the petitioner, James Denver Dale, Jr., be allowed 15 days from the date of this order in which to apply to the Court of Criminal Appeals of the State of Oklahoma for an appeal with an adequate casemade and the assistance of counsel, at public expense, in accordance with the order of this court entered March 17, 1967; and that the petitioner have the assistance of his counsel appointed by this court, Anthony D. Ashmore, in preparing such appeal if desired upon by the petitioner.

IT IS FURTHER ORDERED that if the petitioner does not apply for an appeal within such time this action will be dismissed; that if he does apply it will be held in abeyance for a reasonable time within which the State of Oklahoma may grant the appeal; and that the order entered herein on March 17, 1967, is modified accordingly with respect to the time within which such appeal may be granted.

IT IS FURTHER ORDERED that the petitioner's counsel appointed by this court promptly advise this court of the filing of the application for an appeal, if any.

/s/ Edwin Langley
District Judge."

Thereafter, on November 1, 1967, the petitioner filed his application for post conviction appeal, casemade at public expense and appointment of counsel, all of which he could have secured by testifying at the evidentiary hearing conducted before Judge Maris and stating his desire for post conviction appeal at that time.

■ We are of the opinion that the Post Conviction Appeal should be granted and will enter the appropriate order directing the preparation of casemade at public expense and the appointment of counsel to represent petitioner on appeal. In so ruling, we wish to make it abundantly clear that in all future cases in which this Court has directed an evidentiary hearing and the petitioner there advises the Court that he does not desire an appeal and refuses to testify, such conduct will be treated by this Court as constituting a waiver and abandonment of the right to post conviction remedy. In the instant case it is apparent that the petitioner labored under the delusion that by declining to follow the simple and reasonable requirements in securing post conviction review, the pass key to his freedom would be granted by a benevolent Federal Court. We trust that in the future Federal Courts will not assume jurisdiction in cases where petitioners have not exhausted their state remedies and after such remedies have been exhausted, they will give some credence to the transcript of sworn testimony and findings of fact passed thereon.

For all of the reasons above set forth Post Conviction Appeal is granted.

NIX, P. J., and BRETT, J., concur.